NOT RECOMMENDED FOR PUBLICATION
File Name: 11a0541n.06

FILED

**Aug 04, 2011**

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LYLE MODESTY, | ) | |
| | ) | |
| Plaintiff – Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| MICHAEL SHOCKLEY, *et al.*, | ) | |
| | ) | OPINION |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF CLEVELAND; | ) | |
| JOHN DOE, Unknown Police Officers, | ) | |
| | ) | |
| Defendants – Appellees | ) | |
| _____ | ) | |

Before:  **ROGERS and KETHLEDGE, Circuit Judges; and RUSSELL, Chief District Judge.**[*]

**THOMAS B RUSSELL, Chief District Judge.**  Plaintiff Lyle Modesty appeals from the dismissal of his complaint by the district court.  On appeal, Plaintiff also contests the district court's denying as moot his motion to amend the complaint.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

---

[*]The Honorable Thomas B. Russell, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

## I.  BACKGROUND

Plaintiff owned a home in the City of Cleveland.  While performing his job duties, Housing Inspector Michael Shockley noticed what he thought to be housing code violations at Plaintiff's home. Mr. Shockley obtained an administrative search warrant and subsequently searched Plaintiff's home for violations.  Following the search, Plaintiff's home was declared a public nuisance and boarded.  Plaintiff was in the home during the execution of the search warrant, and police arrested Plaintiff and transported him to St. Vincent Charity Hospital, escorted him to the psychiatric unit and searched him.  Plaintiff was also forced to submit to a blood sample and questioned by doctors.  The total detainment lasted for a few hours, after which Plaintiff was permitted to leave the hospital.

As a result, Plaintiff filed a *pro se* complaint on multiple grounds.  The majority of those grounds were dismissed during an initial review.  The only claim to survive initial review was the claim against "John Doe police officers and the City of Cleveland solely on Mr. Modesty's Fourth Amendment claim pertaining to his arrest." Mem. Op. & Order, R. at 4, pg. 14.  An appeal of that order is not currently before this Court.

Following the initial review, Defendant City of Cleveland filed a motion to strike or for a more definite statement.  In response, Plaintiff filed an amended complaint.  Once again, Defendant City of Cleveland filed a motion to strike or for a more definite statement, and Plaintiff filed a second amended complaint.  Defendant City of Cleveland filed a motion to dismiss the second amended complaint.  After briefing, the motion to dismiss was granted, and Plaintiff has appealed that order.

Following the appeal, the remaining Defendants, John Doe unknown Police Officers, were dismissed. No appeal was taken from that order.

## II. JURISDICTION

Plaintiff filed his appeal prior to the final disposition of this case. The order did not state that it was final and appealable. Accordingly, at the time of the appeal, jurisdiction was not appropriate under 28 U.S.C. § 1291. However, prior to final disposition of this case on appeal, it appears that all remaining defendants have been dismissed for lack of prosecution. That order also failed to state that it was final and appealable. Nevertheless, under *Gillis v. United States Dep't of Health and Human Servs.*, because the cause has reached a final disposition, there is jurisdiction to hear the appeal. 759 F.2d 565, 569 (6th Cir. 1985). Accordingly, and especially in light of Plaintiff's *pro se* status, the Court proceeds to the merits.

## III. STANDARD OF REVIEW

A decision to grant a motion to dismiss is reviewed *de novo* by an appellate court. *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008).

## IV. ANALYSIS

Plaintiff appealed the District Court's dismissal of the City of Cleveland. Notice of Appeal, R. at 28. When suing a municipality, an unlawful policy or custom must be alleged. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-691 (1978). The only claim remaining against the City of Cleveland involved Plaintiff's arrest and detention during and following the administrative search. Plaintiff does not allege any unconstitutional policy or custom pertaining to his arrest. The only policies and customs alleged involved the process used to search and then condemn Plaintiff's home.

3

Accordingly, Plaintiff failed to articulate a policy or custom related to his arrest. Because Plaintiff

has failed to allege a policy or custom of the City of Cleveland pertaining to his arrest or facts that

could implicate a policy or custom of the City of Cleveland pertaining to his arrest, it was

appropriate for the district court to dismiss the Defendant City of Cleveland. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007).

As touched on above, the majority of the arguments Plaintiff presents on appeal center

around the claims dismissed during the initial review. However, Plaintiff only appealed the

"Dismissal of defendant (Cleveland, City of)". Notice of Appeal, R. at 28. Similarly, Plaintiff only

appealed from the order entered "on the Ninth day of February, 2010." *Id.* The dismissal of the city

of Cleveland was the only action that resulted from the district court's order of February 9, 2010.

Mem. Op. & Order, R. at 27, pg. 7. Federal Rule of Appellate Procedure 3(c)(1)(B) requires a party

to "designate the judgment, order, or part thereof being appealed[.]" While Rule 3 should be liberally

construed, its "dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate

review." *Smith v. Barry*, 502 U.S. 244, 248 (1992). Accordingly, this Court lacks jurisdiction to

review any claims not designated in the notice of appeal, including those dismissed on initial review.

*Accord United States v. Universal Mgmt. Serv., Inc.*, 191 F.3d 750, 756 (6th Cir. 1999). Since

Plaintiff did not appeal a final memorandum and opinion or judgment, the issues are not preserved

under *Caudill v. Hollan*, 431 F.3d 900 (6th Cir. 2005).[1]

---

[1]In addition, Defendant failed to brief the issues dismissed on initial review because Plaintiff failed to designate the order in his notice of appeal and the district court certified that an appeal from the initial review could not be taken in good faith. As a result, Defendant would be prejudiced if this Court were to reach those claims.

4

Plaintiff also argues that he should have been able to address Defendant's reply, which the District Court treated as a motion to file a sur-reply. A decision to deny or strike a sur-reply is reviewed for abuse of discretion. *Seay v. Tenn. Valley Auth.,* 339 F.3d 454, 480 (6th Cir. 2003). In this case, the district court stated that Defendant's reply stayed within the bounds of the original briefing when denying leave to file a sur-reply. Such a ruling is not an abuse of the district court's discretion.

Finally, Plaintiff argues that he should have been granted permission to file another amended complaint prior to the dismissal. An order denying leave to file an amended complaint is reviewed for abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the instant case, Plaintiff had been given two opportunities to amend his complaint. Repeated failure to cure deficiencies by amendments previously allowed is grounds for denying a motion to amend a complaint. *Id*. Because the district court had already allowed for two amendments, it was not an abuse of discretion to deny leave to amend a third time.

## V.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.